APONTE, DEMANDANTE Y APELADO, *v.* FREIRÍA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama en un caso sobre tercería de dominio de bienes inmuebles. MOCIONES para que se desestime la apelación.

No. 1063.—Resuelto en diciembre 19, 1913.

DESESTIMACIÓN DE LA APELACIÓN—CASOS ORIGINADOS EN LAS CORTES MUNICIPALES—IMPORTE DE LA CUANTÍA LITIGIOSA.—Cuando, como en el caso de autos, en la demanda sólo se alega que el valor de la casa en litigio es menor de $500 y de la prueba del mismo demandante y apelado resulta que la casa vale más de $400, debe denegarse una moción para que se desestime la apelación por no exceder la cuantía litigiosa de $300.

ID.—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN A UNA PARTE REBELDE—PARTE CONTRARIA.—Cuando en una acción de tercería de bienes inmuebles contra el dueño de los bienes embargados y los acreedores que los embargaron, se dicta sentencia contra los demandados, habiendo sido declarado rebelde el codemandado dueño de los bienes embargados por no haber comparecido ni en la corte municipal ni en la corte de distrito, dicho codemandado no es parte contraria porque no sería perjudicado en el caso de que se revocase la sentencia apelada, y por tanto no es necesario notificarle el escrito de apelación, ni procede por tal fundamento la desestimación del recurso.

ID.—FALTA DEL ESCRITO DE APELACIÓN—SUBSANACIÓN DE DICHA OMISIÓN.—De acuerdo con el artículo 299 del Código de Enjuiciamiento Civil el escrito de apelación es parte esencial de la transcripción de autos en apelación, no siendo suficiente una simple referencia a él, cuya omisión en este caso fué subsanada por la parte apelada presentando copia certificada del escrito de apelación.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. C. Domínguez Rubio.*

Abogado de las apelantes: *Sr. F. Cervoni Gely.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

Existen en estos autos dos mociones en las cuales se solicita que se desestime la apelación. En la primera se pide la desestimación del recurso interpuesto por el fundamento de que como el caso fué iniciado en la Corte Municipal de Guayama, la cuantía según resulta de la faz de la demanda, es menor de $300, careciendo por tanto este tribunal de jurisdicción de apelación procedente de la corte de distrito. Al examinar la demanda, el único hecho que aparece es que el valor de la casa en cuestión es menor de $500, y en la prueba, la declaración del mismo testigo del apelado que demuestra, que la casa tenía un valor mayor de $400. Por tanto, esta moción sobre desestimación de la apelación no puede prosperar.

El otro fundamento aducido para que la apelación sea desestimada, es que un codemandado llamado Murillo, que estaba rebelde y no defendió su acción en ninguna de las cortes, no fué citado o notificado en la apelación interpuesta para ante esta corte. En el presente caso se estableció la acción en reclamación de una casa que fué embargada indebidamente por los demandados José María Freiría y Mateo Defendini. Estos dos demandados habían embargado la casa como de la pertenencia del referido Murillo, entablando entonces el demandante este pleito de tercería con el fin de que quedara dicha casa exenta de los efectos del embargo que se alegó fué practicado erróneamente; y habiendo la corte dictado sentencia a su favor, los demandados Freiría y Defendini interpusieron recurso de apelación contra dicha sentencia. O Murillo no tiene ningún derecho sobre la casa o ésta le pertenece, y por tanto, la revocación sería favorable para él puesto que después que los demandados se cobraran sus deudas le quedaría acaso un saldo a su favor. La revocación no podría perjudicarle no siendo por consiguiente él parte adversa a los apelantes en este caso, por lo que el segundo motivo que ha sido alegado en la moción sobre desestimación, carece de fundamento.

Al examinar primeramente estos autos no hallamos en ellos nada que mostrara que solamente dos de los demandados habían interpuesto apelación, constando únicamente de los autos, que el día 31 de mayo, 1913, apelaron los demandados, y que tal apelación fué notificada el mismo día al abogado del demandante que es el apelado ante este tribunal. Hemos resuelto en varios casos, entre otros en los de *Fernández* v. *Sucesión de Irizarri et al.,* 10 D. P. R., 44, y *Hernández* v. *Medina,* resuelto en noviembre 10, 1913, (pág. 1064), que deberá agregarse a los autos una copia del escrito de apelación de conformidad con las disposiciones del artículo 299 del Código de Enjuiciamiento Civil. No es suficiente con que se haga una mera referencia al mismo. Sin embargo, si bien el apelado en su moción no hizo referencia específica a dicho escrito, ha archivado en este tribunal una copia certificada del escrito de apelación para suplir el defecto que podría considerarse que existía en los referidos autos. En mérito de las anteriores consideraciones, procede declarar sin lugar las mociones interesando la desestimación de la apelación interpuesta y debe procederse a la celebración de la vista del caso.

*Denegadas las mociones.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de estas mociones.